## Arnold Holinger et al. v. W. C. Phillips.

### Gen. No. 13,860.

EVIDENCE—*effect of recitals of deed.* In an action for real estate commissions the recitals of the deed as to the consideration are mere hearsay and do not tend to establish the purchase price paid by the vendor to the vendee.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed March 20, 1908.

CHESTER FIREBAUGH, for appellants.

BENJAMIN LEVERING, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendants from a judgment for $1,562.50 recovered against them by appellee in an action of *assumpsit*. The cause of action set up in the special count of the declaration and sought to be proved by the plaintiff on the trial was that the defendants, having for sale as brokers certain property in Chicago belonging to Braun and Fitts, promised the plaintiff that if he would find a purchaser for the same, they would pay him one-half of two and a half per cent. of "the consideration paid by the purchaser," and that he did procure a purchaser for said property who paid therefor a consideration of $125,000.

The amount of the recovery was two and a half per cent. of $125,000, and to sustain the judgment the evidence must therefore be sufficient to warrant a finding by the jury that the plaintiff did procure a purchaser for said property, and that the purchaser paid therefor $125,000.

The only evidence for the plaintiff was his own testimony and a certified copy of a deed of the property from Braun and Fitts to Eliza A. Ware, reciting a consideration of $125,000. Plaintiff testified that he introduced Mr. E. C. Ware to one of the defendants, and in answer to a juror testified that Eliza A. Ware, the grantee, was the wife of a brother of Mr. E. C. Ware. The evidence, we think, fails to show that plaintiff procured a purchaser for the property.

It also fails to show the amount of the consideration paid for the property by Eliza A. Ware. The recitals in the deed of the consideration are but hearsay when offered, as in this case, against a stranger to the deed, O'Hare v. C., M. & N. R. R. Co., 139 Ill. 151.

There is in the record no competent evidence tending to show the consideration paid by the purchaser for the property.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*