## W. C. Phillips, Appellee, v. Arnold Holinger and Eugene Hildebrand, Appellants.

## Gen. No. 15,683.

VERDICTS—*when set aside.* A judgment for the plaintiff will be set aside on appeal and final judgment entered if the evidence fails to show any right of recovery on the part of the plaintiff.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed October 3, 1911.

CHESTER FIREBAUGH, for appellants.

BENJAMIN LEVERING and HANS VON REINSPERG, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

In 1903, appellee brought suit in the Circuit Court of Cook County to recover from appellants the sum of $1,562.50, under an alleged agreement that they would pay to him, as compensation for procuring a purchaser of certain real estate then in their hands as agents for sale, a sum equal to one half of the regular commissions paid for procuring purchasers for real estate in Chicago. A jury trial was had in

February, 1907, which resulted in a verdict and judgment for $1,562.50 in favor of appellee. Appellants' brought the case to this court, where the judgment was reversed and the cause remanded for a new trial upon the grounds, (1) that the evidence failed to show that appellee found a purchaser for the property; and (2) that there was no competent evidence in the record, tending to show the consideration paid by the purchaser for the property. The case is reported as Holinger v. Phillips, 140 Ill. App. 317.

The cause being remanded to the Circuit Court, a second trial was had in February, 1909, upon the same pleadings, and the plaintiff recovered a verdict for $2,048.37. At the hearing of the motion for a new trial, plaintiff remitted $848.37 from the amount of the verdict, whereupon the court denied the application for a new trial and motion in arrest, and entered judgment for $1,200. The case again comes here upon the appeal of the defendants.

Appellants assign numerous alleged errors on the part of the court below as to the admission of evidence and as to the giving and refusing of numerous instructions referred to, and, generally, that the verdict is against the weight of the evidence and contrary to the law and the evidence in the case.

The alleged cause of action declared upon, and sought to be proven, was that Holinger and Hildebrand, having for sale, as brokers, certain Chicago real estate belonging to Braun and Fitts, employed plaintiff to procure for them a purchaser for said premises, and agreed to pay him as compensation for procuring such purchaser one half of the two and one half per cent of the consideration paid for the real estate by the purchaser, and that he did procure such a purchaser who paid for the property a consideration of $125,000.

The verdict of the jury for $2,048.37 evidently included somewhat over six years' interest at 5 per cent. upon the amount originally claimed, which an instruction of the court authorized if the jury found that the money had been withheld from plaintiff by an unreasonable and vexatious delay.

As previously stated, the record shows that, upon the hearing of the motion for a new trial, plaintiff remitted $548.37,

though it nowhere appears why this amount was remitted from the verdict.

Defendants contended that the arrangement between themselves and Phillips was that, if Phillips would find a purchaser for the property, they would allow him one-half of any commissions which they might receive from the sale.

Clearly, to entitle plaintiff to recover, even upon his own theory of the case, he must establish, by competent testimony, the fact that he procured a purchaser for the property, and must also show by like evidence the consideration paid. The testimony in the case is conflicting. Phillips testified that, in 1902, while he was engaged in the business of a go-between between real estate brokers, he called upon Holinger with reference to an advertisement in a Chicago paper that certain real estate on South Water street was for sale, and told Holinger he thought he could find a purchaser for it. The property was then owned by George P. Braun and Jane W. Fitts, who had placed it in the hands of appellants to be sold for $125,000 cash. Phillips claims that the property was in Holinger's hands for sale at $125,000, while Holinger testifies that it was in his hands for sale at $110,000 cash. Appellee claims that he then asked Holinger, "Now will you give me one half of two and one half per cent if I get you a purchaser," and to this he says Holinger assented. Phillips afterward called upon Mr. E. C. Ware, another real estate broker, who made an offer for the property in question, which offer included, as part payment therefor, the trade of certain real estate located at Riverside. Phillips conveyed this offer to Holinger, who said he would submit it to the owners, but doubted if they would accept it as they wanted cash. These transactions were prior to June, 1902, at which time Ware went on a vacation and Braun went to Europe. The negotiations up to that time, had been unavailing, as the owners would not sell upon the basis of a trade.

About December of that year, Phillips claims to have seen a notice that the property had been sold, and that he went to Holinger and told him that Ware had bought the property. Holinger subsequently authorized Phillips to go and see

Braun, where he was informed that Braun himself had sold the property. Upon cross-examination, Phillips stated that, when he reported to Holinger the offer of Ware, part cash and part in trade, Holinger told him that he had the property for sale only for cash, and this statement is confirmed by Mr. Ware, who called upon Holinger with Mr. Phillips.

It further appears from the testimony that the witness Ware did not purchase the property in question and never had any interest in it, except that he got a broker's commission upon its sale to a sister-in-law, and it further appeared that Holinger received no commission of any sort from anyone for the sale of the property and further that he did not think his firm was legally entitled to any commission. Phillips claims that the real reason Holinger would not sue for his commission was because he was doing all of Braun's business, and if he sued for commission in this deal, he might lose the business, which he could not afford to do. This, however, was denied by Holinger.

Holinger testifies that, when Phillips was present in his office, he communicated with Braun about the property, and Braun said, "I am leaving for Europe tonight, and I withdraw my property entirely," which information Holinger says he conveyed at once to Mr. Phillips, who was standing right beside him at the time he held the conversation with Braun over the 'phone.

The testimony as to the sale of the property certainly lacks definiteness as to the amount actually received for it, for it clearly appears from the testimony of Ware that the transaction was a trade, and that he did not know how much was in trade and how much was in cash, and Ware repeats the statement that he never bought the South Water street property at all.

After a careful consideration of the record in this case, we have reached the conclusion that Phillips is not entitled to recover. If there was any collusion between Holinger and the owners of the property for the purpose of defeating Phillips' right to commissions, he would have a remedy in an appropriate proceeding. In our opinion, the testimony fails

to show that Phillips procured a purchaser, and also fails to show definitely the amount of consideration paid by the purchaser for the property. In fact, it appears that the sale of the property was made by Braun entirely independent of appellants, and a long time after any negotiations between them, in relation to the property, had been had, and after it had been taken out of their hands for sale.

Being of the opinion that Phillips has failed to show a right of recovery against appellants, it becomes our duty to reverse the judgment of the court below, and enter judgment here in favor of appellants upon a finding of facts.

*Reversed and judgment here.*